CITY OF AUSTIN, Appellant,

v.

Edwin E. FOSTER, et al., Appellees.

No. 13341.

Court of Civil Appeals of Texas,
Austin.

June 10, 1981.

Rehearing Denied Nov. 4, 1981.

Jerry L. Harris, City Atty., James R. Riggs, Asst. City Atty., Austin, for appellant.

Danny M. Womack, Rebecca Rivers Williams and John McClish, Austin, for appellees.

POWERS, Justice.

This is an appeal from the judgment in an eminent domain case wherein the trial court awarded compound prejudgment interest in addition to the net amount of the condemnation award.[1] We reform the trial court's judgment to allow prejudgment interest based upon simple interest only and affirm the judgment as reformed.

Appellant, the City of Austin, concedes that prejudgment interest was a proper award in this case, but contends the trial court erred in awarding compound rather than simple interest.[2] Appellees, the property owners, contend that the court acted properly and equitably in awarding compound prejudgment interest, as it was free to do in order to assure that just compensation was paid for the property as required by Article 1, § 17 of the Texas Constitution. Appellees argue that we should take judicial notice, as the trial court presumably did, that there is a rather large disparity between current market interest rates and the legal rate of interest. Compounding the interest was, therefore, necessary to produce an amount comparable to what would have been produced as simple interest using the current market rates.

The record does not reveal that the matter of prejudgment interest was in any way raised during trial. *Cf., Grand Fraternity v. Nicosia*, 41 S.W.2d 684, 685 (Tex.Civ.App. —Waco 1931, no writ). Rather, the dispute as to whether it should be compounded arose after trial and at the time the final judgment was being drafted. Further, the record discloses no evidence showing what would be a reasonable rate to use in compounding prejudgment interest or upon what time periods the calculation should be made.

The trial court compounded the prejudgment interest on an annual basis for a period in excess of eight years, the period of time which elapsed between the date of the taking and the date of the judgment. Compounding of the interest on an annual basis resulted in an additional $10,666.84 being awarded for prejudgment interest, over and above the amount that would have been produced as simple interest at the same rate.

 Prejudgment interest is allowed in eminent domain cases as part of the dam-

---

1. Interest was compounded at the statutory or legal rate which is fixed at 6% annum under the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069-1.03. The net amount of the condemnation award is the difference between the fair market value of the property found by the jury and the amount previously paid by the condemnor into court and withdrawn by the property owner.

2. Compound interest is "interest upon interest," that is, interest upon the principal sum is calculated *when the interest is due* and then added to principal, the principal sum being thus enlarged and the applicable rate being applied to the new principal sum until the date interest is next due, when the process is repeated.

ages or compensation to which property owners are entitled as a part of the just compensation required to be paid them under Article 1, § 17 of the Texas Constitution. *State v. Hale,* 136 Tex. 29, 146 S.W.2d 731 (1941); *Trinity River Authority of Texas v. Sealy & Smith Foundation,* 435 S.W.2d 864 (Tex.Civ.App.—Beaumont 1969, writ ref'd). The Supreme Court of Texas has consistently held:

> ". . . that where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted, the person entitled to recover has also the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him; that if interest be properly an element of damages in any case, then it is so as a matter of law; and that the courts have by analogy adopted the legal rate of interest fixed by statute as the standard by which to be governed in assessing damages for the detention of money." *Smith v. National Resort Communities, Inc.,* 585 S.W.2d 655 (Tex.1979).

Our attention has not been invited to any eminent domain case where compound prejudgment interest was awarded as happened in this case, and we have found none. However, there are conceptual barriers to awarding compound prejudgment interest in such a case.

The legal rate of interest provided by statute was intended for the calculation of simple interest. *Grand Fraternity v. Nicosia, supra,* at 685.

■ When prejudgment interest is awarded as *damages,* it is intended to compensate the property owner for delay in receiving his money. The right to it is fixed upon the condemnor's taking but it is due and payable *at the same time as the principal,* and not before. "[I]nterest is never a legal incident to the non-payment of interest . . . where it is not due before the principal, and where no agreement, express or implied, has been made to convert interest into principal." Perley, *Principles of the Law of Interest,* 159–160; 47 C.J.S. *Interest* §§ 63, 65.

There is no basis in an ordinary eminent domain case for ascertaining the periodic "rests" or settlements between the parties in the matter of principal or interest, whether because of an agreement, custom, waiver, statute or other logical basis. *McWilliams v. Northwestern Mutual Life Ins. Co.,* 285 Ky. 192, 147 S.W.2d 79 (1941); 47 C.J.S. *Interest* §§ 1, 3; Perley, *supra,* Chapter VI, pp. 157–166. Though Article 5069–1.03 prescribes legal interest in terms of an *annual* rate, in cases where interest is allowed *as such,* that statute does not direct annual payments of interest in the limited transactions to which it applies, nor does it direct annual "rests" or settlements in the calculation of such interest. There is *a fortiori* no inherent logic in compounding such interest exclusively on an annual basis when that statute is resorted to by way of "analogy" in assessing an element of damages to compensate the property owner for the detention of money from the date of taking to the date of judgment. In the absence of any given periodic basis for compounding interest as damages, why should it not be done bi-annually, semi-annually, quarterly, monthly or daily? A court awarding that element of damages in an eminent domain case may as well be free arbitrarily to vary the rate of interest as to select the frequency for compounding it, with the result that there would no longer be any "analogy" at all but simply a free and subjective evaluation by the court of all the equities in its arriving at just compensation.

Finally, we see no just or practical way for a court, unaided by a jury, to compound and award prejudgment interest in a sum that the court subjectively determines to be comparable to that produced by current market interest rates. Appellees correctly state that in the exercise of their equity power, our courts early began to award prejudgment interest in eminent domain cases, measured by the legal rate, in order to achieve as near as possible the goal of just compensation. To compound such interest in the manner followed in this case, however, in an extension of the original

equitable practice, would introduce distinctly inequitable and unconstitutional factors such as arbitrariness, surprise, denial of a jury trial as to an essential fact issue, and so forth.

■ The dissent makes no attempt to overcome the logical impossibility of computing interest upon interest in a situation where there exists no contract, statute, custom, waiver, acquiescence or other basis for determining that the latter interest is due at a particular time, thereby becoming itself a new interest-bearing debt when not timely paid. Unless interest is past due, or another basis exists for establishing periodic "rests," it may not itself bear interest, thereby "compounding" interest on the principal sum owed or detained. *Watkins & Faber v. Whiteley*, 592 P.2d 613 (Utah 1979).

Rather, the dissent argues for an exercise of equity jurisdiction by the trial judge, based upon one sentence in *Grand Fraternity v. Nicosia, supra,* which acknowledges the rule that compound interest may "be allowed when the equities of the case require it. . . ." The decision in that case stands for the proposition that the legal rate of interest prescribed by statute is for the calculation of simple interest only, and where no rate of interest is contracted for by the parties, and they make no provision for compounding interest, evidence must be introduced to establish a reasonable rate *if* the interest is to be compounded in the interest of justice. The court said, in pertinent part:

> "There is nothing in the record to show what method of calculation was used by the trial court in arriving at the value of the policy [by means of a compounded discount rate], and no evidence was introduced *to authorize* the use of any particular rate of interest in making the calculation."
>
> \* \* \* \* \* \*
>
> "We think that, when under the circumstances it is necessary that the interest be compounded in order *to* administer justice, and the rate of such compound interest is not fixed by contract, *evidence* should be introduced showing what would be a reasonable rate to use in compounding the interest." (citations omitted) (emphasis and parenthetical statement added).

Compound interest was allowed in *Nicosia* based upon the fact that the insurer had wrongfully canceled the plaintiff's life insurance contract. Compounding interest at the legal rate would have resulted in a finding that the policy had no cash value on cancellation, and hence no damages at all would have been assessed against the wrongdoer. On the other hand, simple interest at the legal rate would have resulted in damages much less than those assessed by the trial court, hence there was no support in the record for the damages actually adjudged in the case. The Court of Civil Appeals reversed and remanded the cause because the trial court judgment was "not supported by the evidence."

Compound interest will, in some jurisdictions, be awarded in cases where a wrongdoer would profit by the assessment of mere simple interest. *Nicosia* is based upon this rule. Whether it is controlling or not in Texas is open to question. *See Anderson v. Armstrong*, 132 Tex. 122, 120 S.W.2d 444 (1938); *Tharp v. Blackwell*, 570 S.W.2d 154 (Tex.Civ.App.—Texarkana 1978, no writ). Normally, however, compound interest for money detained is not allowed in the absence of a contract or statute requiring it. *Cherokee Nation v. United States*, 270 U.S. 476, 46 S.Ct. 428, 70 L.Ed. 694 (1926). *See* Tex.Rev.Civ.Stat.Ann. art. 8306a.

■ Even if there existed an equitable rule which permitted prejudgment interest to be compounded and awarded in the manner followed in this case, we believe the trial court erred nevertheless in following such a rule in this case. The City of Austin was not guilty of any conduct leading to delay in the final adjudication of this case. The case was not set for trial and languished on the docket for eight years. It was tried pursuant to the first trial setting; there were no continuances sought or granted. Appellees could have set the case

for trial at any time during the period and thereby have minimized any damages caused by the delay in receiving their money, for which delay the award of interest is designed to compensate them.[3] Equity will not intervene to compensate litigants who have been dilatory in prosecuting their cause of action. *Ricketts v. Ferguson*, 64 S.W.2d 416 (Tex.Civ.App.—Dallas 1933, writ ref'd).

■ Nothing in this majority opinion suggests that a trial court may not, in a proper case, assess compound prejudgment interest as damages. Rather, the point is that if such interest is claimed by the plaintiff, it must be alleged and adjudicated in the regular course of trial if such damages are not determinable as a matter of law, as would be the case if a contract or statute provided for compound interest. *Cf., Home Indemnity Co. v. Mosqueda*, 473 S.W.2d 456 (Tex.1971). The defendant must, in cases such as the present case, be afforded fair notice and an opportunity to challenge the plaintiff's entitlement to such damages and the reasonableness of the amount claimed or its method of calculation.

■ The dissent's theory would validate a most odious trial procedure, whereby the trial court could award compound prejudgment interest on its own initiative, in considerable amounts, without notice and hearing and on a subjective basis that is not discernible, all after conclusion of the trial. Such a procedure would, without question, be unconstitutional under the due process and equal protection guarantees of the Fourteenth Amendment to the Constitution of the United States.

■ Contrary to the dissent's theory, equity jurisdiction is not all sail and no anchor, permitting the court to operate free of all restraint in the pursuit of equity. It is governed by its own set of rules or maxims, one of which bars appellees' claim in this case. Equity is also governed by constitutional and statutory law, and in many cases by the principles and decisions of the common law as well. Smith, "Legal Relief Against the Inadequacies of Equity," 12 Texas L.Rev. 109 (1934).

■ The award of prejudgment interest is a case in point. While originating in equity, the award of such interest is presently a matter of law and not of equity. *Smith v. National Resort Communities, Inc., supra,* at 660. This has been so since the decision in *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897). Note, 18 Texas L.Rev. 337 (1940). Thus, while there is in our state no rule of law or equity which prevents the award of compound prejudgment interest, and the award of such damages is not "inequitable" per se, as the dissent understands us to say, the assessment of such damages must result from following the well-established rules of law that govern the award of money damages generally, where, as here, there is no statutory or contractual provision applicable to the case enabling the court to calculate such damages as a mere mathematical exercise.

Under the procedure which would be validated by the dissent, the award and the amount of compounded prejudgment interest would be light and nimble things, dependent solely upon the subjective caprice and whim of individual trial judges seeking to "do" equity and never subject to question or appellate review, for no legal error is possible under such a rule.

■ While we speak of the amounts involved as "interest," in cases of this kind, they are in reality and legal theory "damages." *Watkins v. Junker, supra.* Where such damages are not ascertainable in whole or in part as a matter of law, they must be alleged and proved. *Cf., Republic National Bank v. Northwest National Bank*, 578 S.W.2d 109 (Tex.1978); *Black Lake Pipe Line Co. v. Union Construction Co.*, 538 S.W.2d 80, 96 (Tex.1976). They may be assessed only upon showing a legal entitlement thereto and upon proof of their rea-

---

**3.** Appellees' present counsel had no part in the delay, having brought the case to trial immedi- ately on being engaged to handle it.

sonableness. They may not be measured merely by the chancellor's foot.

For the foregoing reasons, we hold the trial court erred in awarding compound prejudgment interest. We, therefore, reform the judgment to allow for simple interest only and affirm the trial court judgment as reformed.

Reformed, and as Reformed, Affirmed.

PHILLIPS, Chief Justice, dissenting.

I respectfully dissent. I would affirm the judgment of the trial court.

The majority opinion cites *Grand Fraternity v. Nicosia*, 41 S.W.2d 684 (Tex.Civ.App. 1931, no writ), for the proposition that the legal rate "was intended for the calculation of simple interest. . . ." The court in that case stated "[t]he statutory rate of 6 percent was provided for the calculation of simple interest. Compound interest is not favored by the courts, 33 C.J.S. 191, *but it will be allowed when the equities of the case require it*, 33 C.J.S. 252." *Grand Fraternity* at 685–86 (emphasis added). I see nothing inequitable in the awarding of annually compounded 6 percent interest when the interest rate set by the market place is substantially much higher.

It should be remembered that the prejudgment interest rate in a condemnation case is *not* set by statute. The courts have, by analogy only, traditionally set such interest rates at the same level as the legal rates set by statute. *Smith v. National Resort Communities, Inc.*, 585 S.W.2d 655 (Tex.1979). While the legal rate set by Article 5069–1.03 "does not direct" the compounding of interest rates, *it does not forbid a trial court from compounding the interest rates.*

## ON MOTION FOR REHEARING

POWERS, Justice.

Appellees' motion for rehearing raises several contentions, all of which are adequately answered above. One point deserves separate comment. Appellees' motion complains that this Court erred in basing its decision upon matters not shown of record: that the matter of prejudgment interest was not raised during the trial below but afterwards in the drafting of a final judgment, that the record discloses no evidence showing what a reasonable rate to use in compounding interest would be and the time periods for doing so; and, that the City of Austin was guilty of no wrongdoing so as to justify the imposition of compound interest, as opposed to simple interest, a narrow exception to the general rule against compound interest as damages.

The record contains no statement of facts. The trial was before a jury and judgment in the cause is based upon their verdict. The final judgment sets forth verbatim the verdict of the jury, consisting of their answers to three special issues, each of which inquires of the jury as to the fair market value of one of the three parcels of land taken by the City. No special issue was directed at any matter relating to interest as "damages" or at any act of wrongdoing by the City. We are, of course, required to assume that the issues submitted by the trial court and found by the jury have support in the pleading and evidence. On the other hand, we must also assume that no *other* issues, even if raised by the pleadings, were sustained by the evidence. Moreover, where the court does not submit an issue to the jury and none is requested on the subject, we must presume that the evidence does not authorize the issue, and the same presumption obtains where, as here, there is no statement of facts in the record. See 5 Tex.Jur.3d *Appellate Review*, § 624 (1981).

Having withdrawn the amount found by the commissioners, appellees assumed the burden of proving the damages occasioned by the taking of their property. We find no pleading by appellees and no special issue relative to compound interest, no rejected special issue request in that regard, and no complaint by appellees that the verdict is incomplete. Appellees' contention on motion for rehearing ignores the vital proposition that it was their burden to obtain a jury finding to support their claim

for compound interest as "damages." Accordingly, the presumptions mentioned in the foregoing paragraph militate against their position on rehearing and not in favor of it.

More importantly, the briefs filed in this Court make it quite clear that the sole issue for decision on appeal was the correctness of the trial judge's award of compound interest after the jury was dismissed, based upon his own evaluation of the circumstances and the law and not upon any jury finding in that regard. The City's original brief asserted that there existed no contract between the parties requiring compound interest; that there was "no issue in the case at bar" as to the rates to be used in calculating interest; rather, that the dispute "centers on the *method of applying ... the arithmetic*" for computing interest. Appellees did not contradict these assertions, but argued their case in that context. We were entitled to assume these assertions to be true and did so. Tex.R.Civ.P. 419. In fact, appellees' brief states that the only issue before this Court "is whether prejudgment interest ... should be compounded *as the Trial Judge allowed in this case.*" Appellees' brief states affirmatively that there existed no contract between the parties providing for compound interest. More dramatically, appellees' brief states that "(t)he Trial Judge saw the equitable considerations clearly and *made the appropriate decision on these facts,*" and not upon the verdict of the jury. This is the very procedure condemned in our opinion above.

Reformed, and as Reformed, Affirmed on Motion For Rehearing.