**CITY OF HOUSTON, Appellant,**

v.

**Helene Bernardine WOLFE, Appellee.**

**No. B14–85–872–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 29, 1986.

Rehearing Denied June 19, 1986.

Fred Spence, Houston, for appellant.

H. Dixon Montague, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

OPINION

CANNON, Justice.

The City of Houston (the City) appeals the trial court's judgment in favor of Helene Bernardine Wolfe Hewett (Ms. Hewett) in an eminent domain proceeding. In four points of error, the City challenges the trial court's judgment because (1) it requires the compounding of prejudgment interest and (2) it orders the City to pay the judgment award to Ms. Hewett directly, when the City has already paid an amount substantially equivalent to the judgment amount into the registry of the court. We affirm.

On March 23, 1984, the City deposited into the registry of the court an amount equal to the Special Commissioners' Award of $1,525,000.00 for the taking of property owned by Ms. Hewett. Ms. Hewett filed Objections to the Award of the Special Commissioners. At trial, Ms. Hewett challenged only the amount of compensation due for the property. The jury determined the property was worth $1,904,400.00. The jury's verdict therefore exceeds the Special Commissioners' Award by $379,400.00.

The City represents that immediately after the jury returned its verdict Ms. Hewett and the City agreed that the City would pay the excess, plus interest, on October 22, 1985. The City therefore calculated interest on the excess for the 214 days, inclusive, from March 23, 1984, through October 22, 1985. However, at Ms. Hewett's instance, the trial court entered judgment on October 17, 1985. Because of the paperwork involved, the City was unable to obtain a warrant providing for interest recalculated for the 209 days, inclusive, from March 23, 1985, through October 17, 1985. The City simply accelerated the appropriation of a warrant including interest calculated through October 22, 1985, and deposited that warrant into the registry of court on October 16, 1985. According to the City's calculations, the warrant included an overpayment of five days' interest in the amount of $519.75.

On October 17, 1985, the trial court overruled the City's Motion for Judgment. The court also overruled the City's Motion to Withdraw the Sum of $519.75 from the Registry of the Court. Instead, the trial court entered the judgment proffered by Ms. Hewett. The judgment awards the excess with interest thereon at the rate of 10% per annum, compounded daily, from March 23, 1984, through October 17, 1985. The judgment orders the City to pay this amount directly to Ms. Hewett.

In its first two points of error, the City challenges the amount of interest awarded by the trial court because in calculating the award the trial court compounded prejudgment interest on a daily basis. The City argues the award should not have been compounded. We disagree.

Although *City of Austin v. Foster*, 623 S.W.2d 672 (Tex.Civ.App.—Austin 1981, writ ref'd n.r.e.) holds that prejudgment interest on eminent domain judgments is not to be compounded, we believe *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985) overrules *Foster*.

The *Foster* court states essentially three reasons for disallowing the compounding of interest in eminent domain cases. First,

the court argues, citing *Grand Fraternity v. Nicosia*, 41 S.W.2d 684, 685 (Tex.Civ. App.—Waco 1931, no writ), that the courts established the rate of prejudgment interest by adopting by analogy the rate of interest provided by statute on judgments. *Nicosia* states that the statute providing for interest on judgments has been interpreted as providing for only simple interest. The *Cavnar* opinion, however, contradicts this statement in *Nicosia*. The *Cavnar* Court itself adopts for the prejudgment interest rate the rate established by the statute providing for interest on judgments. After adopting this statute, the Court simply states, without discussion: "We therefore hold that, as a matter of law, a prevailing plaintiff may recover prejudgment interest *compounded daily* (based on a 365-day year) on damages that have accrued by the time of judgment. To the extent that other cases conflict with this holding, they are overruled." *Cavnar*, 696 S.W.2d at 554 (emphasis added and emphasis in original removed). No longer is the statute providing for interest on judgments interpreted as authorizing only simple interest on damages accruing before judgment.

The *Foster* court's second argument against allowing the compounding of prejudgment interest concerns the arbitrariness and subjectivity inherent in unguided determinations of the compounding period by different trial courts. As we read *Cavnar*, this well-founded concern has dissolved: as a matter of law, in all types of cases, awards of prejudgment interest shall be compounded on a daily basis. No longer is the compounding period left to the discretion of the trial courts.

Finally, the *Foster* court believed that equity did not justify the compounding of prejudgment interest in that case because the City of Austin was not guilty of conduct leading to delay in the final adjudication of the case and because the appellees did not diligently pursue their rights. The *Cavnar* opinion diffuses these considerations by focusing on the primary objective of awarding damages in civil actions, the

objective of compensating injured plaintiffs rather than punishing culpable defendants. Prejudgment interest compensates plaintiffs for lost opportunities to invest and earn interest on the amount of damages between the time of the occurrence and the time of judgment.

Moreover, other equities justify the compounding of prejudgment interest. For instance, the defendant's acts required the plaintiff to pursue his rights in a court of law in the first instance. Also, the compounding of prejudgment interest will have the beneficial collateral effect of expediting the trying and settling of cases.

Although the *Cavnar* opinion, in its barest terms, merely holds that in personal injury cases prejudgment interest is recoverable as a matter of law, its rationale extends to all types of cases. Indeed, the broad reasoning of *Cavnar* has been applied in other contexts. *See McKinney v. Meador*, 695 S.W.2d 812 (Tex.App.—Tyler 1985, writ ref'd n.r.e.) (following *Cavnar*, court of appeals finding proper award of prejudgment interest on damages caused by defendant's negligence); *Quintero v. Jim Walter Homes, Inc.*, 709 S.W.2d 225 (Tex.App.—Corpus Christi 1985, motion for rehearing pending) (court of appeals, following *Cavnar*, finding proper award of prejudgment interest in case based on Texas Deceptive Trade Practices-Consumer Protection Act). We find the rationale of the *Cavnar* opinion allows the compounding of prejudgment interest in eminent domain cases. We overrule the City's first and second points of error.

In its third and fourth points of error, the City argues that because it had placed into the registry of the court an amount equal to its estimation of the amount of the judgment award, the trial court erred by ordering the City to pay the judgment award directly to Ms. Hewett and by awarding post-judgment interest on that award. The City argues it is authorized to pay judgments into the registry of the court by Tex.Prop.Code Ann. § 21.021 (Vernon 1985). We disagree. Section 21.-021 merely allows a condemnor to pay into the registry of the court an amount equal to the Special Commissioners' Award so that the condemnor may take possession of the condemned property "pending the results of further litigation". This section does not purport to pertain to the payment of a *judgment*, the result of such further litigation. Therefore, the Clerk of the Court was unauthorized to accept the City's deposit. *Texas & P. Ry. Co. v. Walker*, 93 Tex. 611, 57 S.W. 568, 569 (1900); *Iowa Mutual Insurance Co. v. Burmester*, 313 S.W.2d 897, 901 (Tex. Civ.App.—Houston 1958, no writ). We overrule the City's third and fourth points of error.

Affirmed.