Timothy J. O'REILLY, Diane C. O'Reilly, Robert Loos, Joan Loos and Trustee Management Company, Appellants,

v.

William E. GRAFHAM, David A. Pettigrew, Jerry R. Bergeson, W.E.G., Inc. and Ronald W. Hofer, Appellees.

No. 3–89–246–CV.

Court of Appeals of Texas, Austin.

Oct. 17, 1990.

**400**

James M. Vogt, Austin, for appellants.

Herbert Crook, Law Offices of Herbert Crook, P.C., Austin, for appellees.

Before POWERS, CARROLL and EARL W. SMITH *, JJ.

EARL W. SMITH, Justice (Retired).

William E. Grafham, David A. Pettigrew, Jerry R. Bergeson, and W.E.G., Inc., a Colorado corporation, appellees, brought suit against Timothy J. O'Reilly, Diane C. O'Reilly, Robert Loos, Joan Loos, and Trustee Management Company ("TMC"), appellants, to recover money for amounts owed on certain notes owned by appellees. At trial, appellees alleged that Ronald W. Hofer, a defendant who has not appealed, assigned them promissory notes totalling $300,000 to satisfy a debt Hofer owed appellees. Appellees further alleged that appellants were responsible for collecting on the notes and acted in concert with Hofer in failing to deliver some notes, failing to properly indorse others, and in wrongfully misappropriating note payments after the agreed assignments.

Trial was held to the court, which found that appellants violated their fiduciary duties to appellees by keeping payments received on the notes instead of forwarding the payments to appellees. The trial court. entered a money judgment against Hofer and appellants for $145,037.59, the amount of payments the court found to have been misapplied or converted. Additionally, the court awarded appellees attorney's fees, punitive damages, and prejudgment interest at a rate of 10% per annum compounded daily based on a 365–day year.

Appellants bring two points of error:

1) The district court erred in ordering prejudgment interest to be compounded daily since there are no facts or authority therefor.

2) The district court erred in granting judgment against appellants for $145,-037.59, since the evidence is legally

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code Ann. § 74.003 (1988).

and factually insufficient to support this judgment, but supports only an amount of $128,437.81.

We overrule appellants' points of error, and affirm the judgment of the trial court.

■ In their first point of error, appellants argue that "whether viewed as a suit on a debt, or a suit for conversion or fraud or similar tort, this is not a case where the law allows prejudgment interest to be compounded daily." Appellants concede that the daily compounding of prejudgment interest originated in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). However, appellants argue that *Cavnar*, which awarded plaintiffs in a personal injury, wrongful death, and survival action prejudgment interest compounded daily based on the judgment rate established by statute, only applies to cases with similar fact situations. Therefore, appellants argue, *Cavnar* and its requirement of daily compounding of prejudgment interest does not apply to "non-personal injury, economic damages" cases, which should be computed at simple interest.

We reject appellants' argument, and hold that *Cavnar*, as applied to this case, requires an award of prejudgment interest to be compounded daily. In *Cavnar*, the supreme court broadly stated its holding regarding the prejudgment interest rule:

> The time has come to revise the prejudgment interest rule to make injured parties whole and restore equity and symmetry to this area of law. We therefore hold that, as a matter of law, a prevailing plaintiff may recover prejudgment interest compounded daily (based on a 365-day year) on damages *that have accrued by the time of judgment.* To the extent that other cases conflict with this holding, they are overruled. Prejudgment interest shall accrue at the prevailing rate that exists on the date judgment is rendered according to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1985). (Emphasis in original.)

*Cavnar*, 696 S.W.2d at 553–554.

■ Article 5069–1.05 is a statute which, in 1985, provided that postjudgment inter-

est could be awarded on judgments at a minimum rate of 10% and a maximum rate of 20%, with the exact rate of interest to be determined by the consumer credit commissioner based on the auction rate quoted on a discount basis for 52–week treasury bills issued by the United States Government. The Legislature amended art. 5069–1.05 in 1987. Section 6(g) of the amended statute states:

> The rate of prejudgment interest shall be the same as the rate of postjudgment interest at the time of judgment, and shall be computed as simple interest.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 6(g) (Supp.1990). Appellants argue that the 1987 amendment applies to this case so as to imply, if not mandate, computation of prejudgment interest as simple interest. However, the amended statute was not effective until September 2, 1987. Any actions commenced before September 2, 1987, were to be governed by the law in effect before this date. Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 3(b) (Supp.1990). Since this case was filed on August 11, 1986, we reject appellants' argument that § 6(g) requires a simple interest computation of prejudgment interest in this case.

We also reject appellants' attempts to distinguish *Cavnar* because the basic policy reasons that supported the *Cavnar* holding—encouraging settlements and discouraging delay—apply equally to other causes of action. *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988) (holding the *Cavnar* policies sufficient to justify awarding prejudgment interest compounded daily in a suit on a contract where damages are not ascertainable from the face of the contract); *City of Houston v. Wolfe*, 712 S.W.2d 228, 229–30 (Tex.App.1986, writ ref'd) (holding *Cavnar* rationale extends to all cases, including eminent domain case); *Quintero v. Jim Walter Homes, Inc.*, 709 S.W.2d 225, 231 (Tex.App.1985, writ ref'd n.r.e.) (holding *Cavnar* applies to suit based on Deceptive Trade Practices–Consumer Protection Act). As stated in *Wolfe*, "Although the *Cavnar* opinion, in its barest terms, merely holds that in personal injury cases prejudgment interest is recov-

erable as a matter of law, its rationale extends to all types of cases." *Wolfe*, 712 S.W.2d at 230. We agree, and overrule appellants' first point of error.

■ In their second point of error, appellants argue that the evidence is legally and factually insufficient to support the trial court's judgment for appellees of $145,037.59. Instead, appellants argue, the judgment should have been $128,437.81. Since appellees had the burden of showing damages, we interpret appellants' argument to be that trial court's award of the $16,599.78 difference was supported by no evidence or, alternatively, insufficient evidence. We reject this argument, and overrule appellants' second point of error.

■ In reviewing a "no evidence" challenge, we consider only the evidence and reasonable inferences drawn therefrom which, when viewed in their most favorable light, support the jury verdict or court finding. The court must disregard all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Stafford*, 726 S.W.2d at 16. Any probative evidence supporting the finding will be sufficient to overrule the point of error. Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361, 364 (1960). Appellants' "insufficient evidence" point of error will be sustained only if, after reviewing the entire record, the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). After carefully reviewing the record, we hold that the court's finding of damages totalling $145,037.59 was sufficiently supported by the evidence.

Appellants argue that the trial court's judgment properly included the sums TMC collected on notes Hofer had assigned to appellees Grafham and Bergeson ($128,437.81), but improperly included the bal-

ances still owed on the notes ($16,599.78). Appellants contend that three entries in Exhibit "F" to the judgment, which the trial judge used in calculating damages, were not supported by evidence admitted at trial. We disagree.

Exhibit "F" to the judgment is a summary of calculations based on the amounts paid on the notes as shown by ledger sheets, as well as the prima facie balances due on released notes. Appellants argue appellees were only entitled to the amounts paid on the notes, while appellees assert that they are entitled to the amounts paid as well as the prima facie balances due. The dispute between the parties is therefore whether, in addition to the amounts wrongfully retained by appellants, appellees are entitled to the prima facie balances due on these notes.

It is well settled that where one converts a note to his own use the measure of damages is prima facie the face value of the note. *Ramsey v. Hurley*, 72 Tex. 194, 12 S.W. 56, 58 (1888); *Allied Building Credits, Inc. v. Grogan Bldrs. Sup. Co.*, 365 S.W.2d 692, 695 (Tex.Civ.App.1963, writ ref'd n.r.e.). The measure of damages for breach of a contract to deliver notes is, in the absence of any further proof of the value of the notes, their face value. *Ramsey*, 12 S.W. at 59; *Grogan*, 365 S.W.2d at 696. Once a plaintiff in such a case establishes the prima facie value of the notes, it devolves upon the defendant to show that it was in fact of less value. *Ramsey*, 12 S.W. at 59; *Grogan*, 365 S.W.2d at 695.

■ The trial court held that appellants had a fiduciary duty to forward payments on the notes to appellees, and that appellants breached this fiduciary duty by failing to forward the payments. Such actions constitute conversion. *Gardner Machinery Corp. v. U.C. Leasing, Inc.*, 561 S.W.2d 897, 900 (Tex.Civ.App.1978, writ ref'd n.r.e.); *Searle–Taylor Mach. Co., Inc. v. Brown Oil Tools, Inc.*, 512 S.W.2d 335, 337–38 (Tex.Civ.App.1974, writ ref'd n.r.e.). Appellees were therefore entitled to damages in the amount of the prima facie value of the notes.

Appellees offered and admitted into evidence Plaintiff's Exhibit 62, which showed the collections made by appellants and by Defendant Hofer's own corporation, Investment Management Trust, Inc. Appellees also offered and admitted into evidence Plaintiffs' Exhibit 64, which shows calculations of the prima facie balances due on the notes. Plaintiffs' Exhibits 62 and 64 were clearly admitted into evidence, and the trial court was entitled to rely on this evidence in calculating damages. The trial court did rely on this evidence by calculating damages based on Exhibit F to the judgment, which combined the total amounts collected from Plaintiffs' Exhibit 62 and the total amounts owed on the notes from Plaintiffs' Exhibit 64.

It was appellants' duty to contradict the prima facie balances shown by appellees. Appellants failed to do so. Thus, since our review of the record demonstrates that there was sufficient evidence to support the trial court's judgment awarding appellees damages of $145,037.59, we overrule appellants' second point of error.

For these reasons, we affirm the judgment of the trial court.