Mike SPANGLER, Appellant,

v.

Orville D. JONES, Appellee.

No. 05–92–01472–CV.

Court of Appeals of Texas,
Dallas.

May 25, 1993.

Rehearing Denied Aug. 24, 1993.

Dissenting Opinion of Chief Justice McGarry
on Denial of Rehearing Aug. 24, 1993.

Carl David Adams, Dallas, for appellant.

JoAnn N. Wilkins, James M. Stewart, Dallas, for appellee.

## OPINION

LAGARDE, Justice.

Mike Spangler appeals the take-nothing judgment entered against him by the trial court following a jury trial. In three points of error, Spangler contends that the trial court erred in submitting the issue of ratification of contract to the jury because: (a) the doctrine of ratification does not apply to an agreement that the principal must accept to protect his interests; (b) the doctrine of ratification is not a defense to a tort action; and (c) Jones had "unclean hands." Jones brings two crosspoints contending there was no evidence that he was Spangler's agent. We sustain Spangler's second point of error, overrule the crosspoints, reverse the trial court's judgment, render judgment for Spangler for $5000 actual damages and $5000 exemplary damages, and remand the cause to the trial court for determination of prejudgment interest in accordance with this opinion.

This is the second appeal of this case. On the first appeal, we held that the trial court erred in granting a directed verdict for Jones and remanded the cause for a new trial. *Spangler v. Jones,* 797 S.W.2d 125, 133 (Tex. App.—Dallas 1990, writ denied). Because we thoroughly set out the factual background of this case in our first opinion, we give only a brief summary of it here.

Spangler was a shareholder, officer, and director of Trinity Loss Management, Inc. (Trinity) along with Conner and Jones. The three decided to sell Trinity to Unigard Mutual Insurance Company (Unigard) and placed Jones in charge of negotiating the sale agreement with Unigard. Spangler believed that the final agreement treated him unfairly, but he signed it after Jones told him that Unigard would not alter the agreement. On the day that the sale was to close, Spangler presented Jones and Conner with a letter setting out his grievances and threatened not to sign over his shares of Trinity to Unigard if Jones and Conner did not sign the letter. Jones and Conner protested but signed the letter, and the parties closed the sale. Spangler later sued Jones for breach of fiduciary duty, constructive fraud, breach of agency contract, exemplary damages, and attorney's fees.

On retrial of the case, the trial court granted a partial directed verdict dismissing Spangler's claims for damages occurring after 1986 and dismissing his claims of partnership or joint venture between Spangler and Jones. The jury found that Jones acted as Spangler's agent in negotiating the sale of Trinity to Unigard, that the sale agreement was not fair to Spangler, that Jones breached a fiduciary duty to Spangler in negotiating the sale, and that Jones committed this breach of fiduciary duty knowingly or with conscious disregard for Spangler's rights. The jury determined that Spangler's damages were $5000 and that Jones should pay another $5000 in exemplary damages. The jury also found that Spangler did not waive any claim against Jones and was not estopped from complaining about Jones's acts or conduct in negotiating the sale agreement. However, the jury did find that Spangler ratified Jones's acts and conduct associated with the sale. The trial court entered a take-nothing judgment against Spangler based on the jury's verdict.

## RATIFICATION

■ In the second point of error, Spangler contends the trial court erred in entering judgment based on the jury's affirmative finding on the issue of ratification because ratification is an equitable defense that is not applicable in a tort action for breach of fiduciary duty.

Jones relies on section 416 of the Restatement (Second) of Agency in support of his argument that Spangler's ratification of his acts and conduct relieves him of liability to Spangler. Section 416 states: "The ratification or other affirmance by the principal of an unauthorized act done by an agent acting *in excess of his power to bind the principal* releases the agent from liability in damages to the principal for having violated a duty to him...." RESTATEMENT (SECOND) OF AGENCY § 416 (1958) (emphasis added).[1] Jones's reliance on section 416 of the Restatement is misplaced. Section 416 relieves the agent only of liability for unauthorized acts in excess of the agent's power to bind the principal. Spangler's claim of breach of fiduciary duty goes beyond Jones's liability for acting in excess of his power to bind Spangler to a contract; Spangler also claimed that Jones benefitted from the sale agreement at Spangler's expense. Section 416 does not purport to relieve the agent of liability for profiting at the expense of the principal.

■ Jones had the duty to turn over to Spangler all benefits from the transaction he received at Spangler's expense. *See Jones v. Allen,* 294 S.W.2d 259, 262 (Tex.Civ.App.—Galveston 1956, writ ref'd n.r.e.); 3 C.J.S. *Agency* § 274 (1973); RESTATEMENT (SECOND) OF AGENCY § 403 (1958). The jury instruction stated, "A transaction is 'fair' if the

---

1. This section contains two exceptions: (a) when the principal is obliged to affirm the act in order to protect his own interests; or (b) when the principal is caused to ratify by the misrepresenta- tion or duress of the agent. RESTATEMENT (SECOND) OF AGENCY § 416(a) & (b). Neither of these exceptions is relevant to this case, however.

fiduciary does not significantly benefit from it at the expense of the beneficiary as viewed in light of circumstances existing at the time of the transaction." Thus, in light of its instructions, when the jury found that the agreement of sale was not "fair" to Spangler, it found in essence that Jones significantly benefitted from the agreement at the expense of Spangler. The record does not show that Jones turned over to Spangler the benefits he received at Spangler's expense. Accordingly, Jones cannot rely on section 416 to relieve him of liability to Spangler.

■ Jones also relies on the following language of comment *a* to section 408 of the Restatement: "If ... [the] agent ... was disobedient in exceeding his authority, the ratification terminates his liability to the principal for the wrong." RESTATEMENT (SECOND) OF AGENCY § 408 cmt. a (1958). The "wrong" for which the Restatement would terminate liability is the agent's exceeding his authority. Like section 416,[2] it does not purport to relieve the agent of liability for not turning over to the principal all benefits the agent received at the principal's expense. Because Jones did not turn over to Spangler the benefits he received at Spangler's expense, this comment is inapplicable.

The cases on which Jones relies are distinguishable. Two of the cases discuss ratification in the context of equitable relief, not legal damages as are sought here. *See Land Title Co. v. Stigler*, 609 S.W.2d 754, 757–58 (Tex.1980); *Guion v. Guion*, 475 S.W.2d 865, 872 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.) ("[T]he findings on the part of the trial court concerning ratification ... support appellees' contention that appellants' cause of action for *equitable* relief is barred, as a matter of law." (Emphasis added.)). Jones's other cases are distinguishable because they do not involve the issue of an agent's liability to its principal for breach of fiduciary duty. *See Johnson v. Smith*, 697 S.W.2d 625 (Tex.App.—Houston [14th Dist.] 1985, no writ) (suit by estate of seller of real estate against purchaser); *B & R Dev., Inc.*

*v. Rogers*, 561 S.W.2d 639 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.) (suit by purchaser of real estate against seller); *Wise v. Pena*, 552 S.W.2d 196 (Tex.Civ.App.—Corpus Christi 1977, writ dism'd) (suit by purchaser of real estate against seller).

Texas courts have addressed the issue of ratification under facts similar to those in this case. In *Herider Farms–El Paso, Inc. v. Criswell*, 519 S.W.2d 473 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.), Criswell was the manager of Herider's business and was a fiduciary of Herider. Before leaving Herider's employ, Criswell arranged for the lessor of Herider's business location to cancel the lease with Herider and lease the property to Criswell. Criswell also arranged for many of Herider's employees to leave Herider and work for Criswell. When Criswell left Herider's employ, taking with him nearly all of Herider's employees, and Herider's lessor announced that the lease would not be renewed, Herider agreed to sell Criswell the business for book value plus $10,000. *Id.* at 475–76. Herider then sued Criswell for tortious interference with a business relationship and a lease agreement.

The trial court granted Criswell's motion for summary judgment, which asserted that Herider had ratified the torts by entering into the agreement to sell the business to Criswell. The court of appeals concluded that it "would follow the somewhat analogous rule that a party aggrieved by a fraudulent transaction has alternative remedies and may either rescind, or affirm the transaction and recover his damages." *Id.* at 477. The court then reversed the summary judgment, holding that the contract of sale and subsequent payment did not bar the tort claims for damages. *Id.* at 477.

In *Vessels v. Anschutz Corp.*, 823 S.W.2d 762 (Tex.App.—Texarkana 1992, writ denied), the Texarkana Court, under facts similar to *Herider Farms*, relied on that case to hold that plaintiffs bringing various business and contractual tortious-interference claims did not ratify the tortious conduct by subsequently entering into agreements with the

---

**2.** Jones does not cite any Texas cases adopting sections 408 or 416 of the Restatement or any cases holding the same without reliance on the Restatement. Because of our disposition of his arguments, we need not, and do not, determine whether they are valid under Texas law.

defendant covering the subject matter of the contract and business with which the defendant had tortiously interfered. *Vessels*, 823 S.W.2d at 764–65.

In the case before us, the jury found that Jones breached his fiduciary duty by entering into the agreement with Unigard. Under the reasoning of *Herider Farms* and *Vessels*, Spangler's signing the sale agreement and accepting its benefits did not bar him from bringing his tort claims against Jones.

■ As the court in *Herider Farms* stated, ratification can be effectual between the parties only when the agent's tortious act is openly and admittedly on behalf of the principal. *Herider Farms*, 519 S.W.2d at 477. When the agent's act is for the benefit of the agent or some third party, then the principal does not ratify the acts of the agent by accepting the agreement purportedly entered into on its behalf by the agent. *Id.* at 477–78. The jury's finding that the agreement was not "fair," *i.e.*, that Jones significantly benefitted at Spangler's expense, prevents ratification because Jones's act was for his own benefit.

■ The court in *Herider Farms* noted, "if the agent's act is a fraud upon the principal, it is incapable of ratification because no principal would confer an authority to practice a fraud upon itself." *Id.* at 478. As Jones conceded in the first appeal of this case, breach of fiduciary duty subsumes claims of constructive fraud. *Spangler*, 797 S.W.2d at 132; *see also Perez v. Gulley*, 829 S.W.2d 388, 390 (Tex.App.—Corpus Christi 1992, writ denied). Thus, when the jury found that Jones breached his fiduciary duty to Spangler, it necessarily found that Jones committed constructive fraud against him, which, as noted in *Herider Farms*, is incapable of being ratified. *See Herider Farms*, 519 S.W.2d at 478.

The jury's findings that Jones breached his fiduciary duty to Spangler and that the agreement was not "fair" to Spangler are sufficient to entitle Spangler to judgment. The jury's finding that Spangler ratified Jones's acts does not affect Spangler's entitlement to judgment. *See Vessels*, 823 S.W.2d at 765; *Herider Farms*, 519 S.W.2d

at 477. Accordingly, we hold that the trial court erred in entering judgment for Jones based on the jury's finding that Spangler ratified Jones's conduct. We sustain the second point of error. Spangler is entitled to recover the $5000 actual damages and $5000 exemplary damages awarded by the jury. Having sustained the second point, we need not address Spangler's first and third points of error.

## CROSSPOINTS

### Jones as Agent

Jones brings two crosspoints contending that there is no evidence that he was Spangler's agent in negotiating the contract of the sale of Trinity to Unigard. Specifically, Jones argues that there is no evidence of Spangler's right to control Jones's negotiations with Unigard.

■ In addressing a legal sufficiency or no-evidence challenge, we must consider only the evidence and inferences, viewed in their most favorable light, that support the jury's finding, and we must disregard all evidence and inferences to the contrary. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex.1987); *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the finding, then the no-evidence challenge fails. *Stafford*, 726 S.W.2d at 16. When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983); *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 755 (Tex.1970). However, if the evidence supplies some reasonable basis for differing conclusions by reasonable minds as to the existence of a vital fact, then there is some evidence. *Kindred*, 650 S.W.2d at 63.

■ As Jones points out, one of the elements of an agency relationship is the principal's right to control the agent in carrying out the assigned task. *Ross v. Texas One Partnership*, 796 S.W.2d 206, 210 (Tex. App.—Dallas 1990), *writ denied per curiam*, 806 S.W.2d 222 (Tex.1991). The party as-

serting the agency relationship has the burden of proving its existence. *Moore v. Office of the Attorney Gen.*, 820 S.W.2d 874, 877 (Tex.App.—Austin 1991, no writ). The existence of the agency relationship may be proven by direct testimony or by circumstantial evidence, such as the relationship of the parties and their conduct concerning the transaction at hand. *Kirby Forest Indus., Inc. v. Dobbs*, 743 S.W.2d 348, 356 (Tex.App.—Beaumont 1987, writ denied).

 Viewing only the evidence and inferences supporting the jury's finding of an agency relationship, we perceive some evidence that supports the finding. Jones testified that when he, Conner, and Spangler would meet to discuss "the drafts and what all took place when you [Jones] were talking to the Unigard people," Spangler and Conner would make suggestions, which Jones would carry back to Unigard. We hold that this circumstantial evidence of Spangler's right to control the details of Jones's negotiations with Unigard, when viewed in the light most favorable to the verdict, constitutes more than a scintilla of evidence in support of the jury's finding. Accordingly, we overrule the first and second crosspoints of error.

## ATTORNEY'S FEES

 In his prayer, Spangler asks that we award him attorney's fees. Spangler pleaded entitlement to attorney's fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 1986) (attorney's fees for suit on a contract). Although no jury questions on breach of contract were submitted, Spangler maintains that the jury's finding of breach of fiduciary duty necessarily means that Jones breached the agency agreement. At oral argument, Spangler stated that he supported his argument on this Court's decision in *Rodgers v. RAB Investments, Ltd.*, 816 S.W.2d 543 (Tex.App.—Dallas 1991, no writ). In *Rodgers*, we specifically stated that a jury's finding a breach of a fiduciary duty does *not* mean that the jury also necessarily found a breach of contract. *Id.* at 551. The jury in *Rodgers* made a finding of specific conduct breaching a fiduciary duty that also, as a matter of law,

constituted a breach of contract. *Id.* at 552. In this case, the jury made no findings of specific breaching conduct. Thus, *Rodgers* is distinguishable.

To obtain attorney's fees, a party must prevail on a claim for which attorney's fees are recoverable. *Id.* at 551. Rule 279 of the rules of civil procedure provides, "Upon appeal all independent grounds of recovery ... not conclusively established under the evidence and no element of which is submitted or requested are waived." TEX.R.CIV.P. 279. In this case, no breach of contract questions were requested or submitted to the jury. None of the elements of breach of contract were conclusively established under the evidence. Thus, Spangler waived his breach of contract action. Because Spangler did not prevail on his breach of contract action or any other claim for which attorney's fees are recoverable, he is not entitled to attorney's fees under section 38.001(8).

## PREJUDGMENT INTEREST

Spangler also requested in his prayer that he be awarded prejudgment interest at the rate of ten percent compounded daily under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 (Tex.1985). Jones argues that *Cavnar* is not applicable because the award of prejudgment interest in this case is controlled by article 5069–1.05, section 6 of the Texas Revised Civil Statutes, which provides for prejudgment interest at the rate of ten percent computed as simple interest. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.05, § 6(a), (g) (Vernon Supp.1993). Spangler asserted at oral argument that article 5069–1.05, section 6 does not apply because his suit was not one for wrongful death, personal injury, or property damage. *See id.* § 6(a) (Vernon Supp.1993).

In *Cavnar*, the supreme court held that a trial court may award prejudgment interest under principles of equity when no statute authorizes prejudgment interest. *See Cavnar*, 696 S.W.2d at 554. *Cavnar* was a wrongful death case, but the courts have applied its principle that a prevailing plaintiff could be awarded equitable prejudgment interest to other fact scenarios. *See, e.g., Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930

(Tex.1988) (suit on a contract for unliquidated damages); *A.V.I., Inc. v. Heathington,* 842 S.W.2d 712, 718 (Tex.App.—Dallas 1992, writ denied) (attorney's fees paid before judgment); *Allied Bank W. Loop, N.A. v. C.B.D. & Assocs., Inc.,* 728 S.W.2d 49, 59 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.) (business torts); *Ralston Purina Co. v. Barkley Feed & Seed Co.,* 722 S.W.2d 431, 435–36 (Tex.App.—Houston [1st Dist.] 1986) (products liability), *rev'd on other grounds,* 744 S.W.2d 932 (Tex.1988); *City of Houston v. Wolfe,* 712 S.W.2d 228, 229 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd) (eminent domain); *Quintero v. Jim Walter Homes, Inc.,* 709 S.W.2d 225, 230–31 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.) (deceptive trade practices); *McKinney v. Meador,* 695 S.W.2d 812, 814 (Tex.App.— Tyler 1985, writ ref'd n.r.e.) (real property damage). Under *Cavnar,* if the trial court decides to award equitable prejudgment interest, the prejudgment interest rate is the same as for postjudgment interest—the rate set out in section 2 of article 5069–1.05. *Cavnar,* 696 S.W.2d at 554. The court in *Cavnar* decided, however, that prejudgment interest would be compounded daily instead of computed as simple interest as the statute then provided for postjudgment interest. *See id.* at 554 (holding that equitable prejudgment interest would be compounded daily); *id.* at 556 (Campbell, J., concurring) (disagreeing with the majority's decision to compound interest daily and asserting that prejudgment interest should be computed the same as postjudgment interest under article 5069–1.05); *see also* Act of May 8, 1967, 60th Leg., R.S., ch. 274, § 2, 1967 Tex.Gen. Laws 608, 610 (old article 5069–1.05 not providing for compounding of postjudgment interest), *amended by* Act of May 8, 1987, 70th Leg., R.S., ch. 154, § 1, 1987 Tex.Gen. Laws 1313, 1314 (postjudgment interest compounded annually), *and* Act of June 3, 1987, 70th Leg., 1st C.S., ch. 3, § 1, 1987 Tex.Gen. Laws 51, 52 (prejudgment interest *required* in wrongful death, personal injury, and property damage cases).

The Texas Legislature's codification and modification of *Cavnar* and its progeny in wrongful death, personal injury, and property damage cases did not purport to provide a statutory framework for prejudgment interest in all cases. In section 2 of article 5069–1.05, the legislature provided for interest to accrue on "all judgments." TEX.REV.CIV. STAT.ANN. art. 5069–1.05, § 2 (Vernon Supp. 1993). In section 6, however, the legislature specifically limited statutory prejudgment interest under that article to "[j]udgments in wrongful death, personal injury, and property damage cases." *Id.* § 6(a). If the legislature had intended to codify the award of prejudgment interest in all cases, section 6(a) would read "all judgments." The legislature's intent to limit the types of cases to which section 6 applies is exemplified by the addition of section 7, which specifically provides for prejudgment interest in condemnation cases. *See id.* § 7.

■ Our first determination must be whether Spangler's claims fall under article 5069–1.05. Clearly, Spangler's claims are not for wrongful death, personal injury, or condemnation. Less clear is whether his claims are for "property damage." In analyzing the legislative intent of what constitutes a suit for "property damage," the Austin Court of Appeals ruled that the term means damage to tangible property, not economic loss or loss of economic opportunity. *See Associate Tel. Directory Publishers, Inc. v. Five D's Publishing Co.,* 849 S.W.2d 894, 900 (Tex.App.—Austin 1993, no writ); *see also Ralston Purina Co. v. McKendrick,* 850 S.W.2d 629, 633 (Tex.App.—San Antonio 1993, n.w.h.) (summarily concluding that tortious interference and fraud claims did not involve "property damage"). We agree with the Austin court's analysis of the statute. Because Spangler's claims were for economic loss, not loss of tangible property, article 5069–1.05 does not control the award of prejudgment interest.

■ Spangler's claims fall within the category of claims for which equitable prejudgment interest *may* be awarded. *See Perry Roofing,* 744 S.W.2d at 931; *Allied Bank,* 728 S.W.2d at 59. The decision of whether this case merits an award of prejudgment interest is left to the discretion of the trial court. *See Perry Roofing,* 744 S.W.2d at 930. The trial court is to make this decision using the equitable principles and public policy reasons

set forth in *Cavnar. See Cavnar*, 696 S.W.2d at 552, 554; *see also Perry Roofing*, 744 S.W.2d at 930. If the trial court decides that an award of equitable prejudgment interest is merited, the trial court must fix the rate "at the prevailing rate that exists on the date judgment is rendered according to the provisions" of article 5069–1.05, section 2. *Cavnar*, 696 S.W.2d at 554; *see* TEX.REV.CIV. STAT.ANN. art. 5069–1.05, § 2 (Vernon Supp. 1993). Then, the trial court must order that the prejudgment interest be compounded daily. *Cavnar*, 696 S.W.2d at 554; *Wolfe*, 712 S.W.2d at 229. To the extent of their conflict with this opinion, we overrule all cases in which we have held otherwise. *See, e.g., OKC Corp. v. UPG, Inc.*, 798 S.W.2d 300, 308 (Tex.App.—Dallas 1990, writ denied).[3]

We reverse the trial court's judgment and render judgment that Spangler recover $5000 actual damages and $5000 exemplary damages from Jones. We remand the cause to the trial court to determine whether prejudgment interest should be awarded, and if so, to compute the amount of prejudgment interest under *Cavnar.*

McGARRY, C.J., and BAKER, THOMAS, KINKEADE, OVARD, BURNETT, MALONEY, CHAPMAN, ROSENBERG, BARBER, MORRIS and WHITTINGTON, JJ., join in this opinion.

## ON MOTION FOR REHEARING

Before the Court En Banc.

Rehearing denied.

## DISSENTING OPINION ON MOTION FOR REHEARING

McGARRY, Chief Justice, dissenting.

[Filed Aug. 24, 1993]

I respectfully dissent.

The Court's en banc consideration of this case was precipitated by the need to overrule *OKC Corp. v. UPG, Inc.*, 798 S.W.2d 300 (Tex.App.—Dallas 1990, writ denied). I concur with the majority's view that *OKC* incorrectly stated the law with regard to the compounding of equitable prejudgment interest. However, the issue of prejudgment interest should not have been reached in this case because the trial court properly rendered judgment for Jones on his ratification defense.

In the first trial of this case, the trial court granted a directed verdict for Jones on the ground that he had proven his defense of ratification as a matter of law. In the appeal taken from that judgment, our Court could have held that ratification was not an available defense and would not support a directed verdict. We did not. Instead, we held that a genuine issue of material fact existed as to whether there was a ratification. *Spangler v. Jones*, 797 S.W.2d 125, 132 (Tex. App.—Dallas 1990, writ denied). We also expressly held that a ratification defense was available to Jones:

> The burden was on Jones to prove knowledge of the fraud or breach and to prove a voluntary, intentional choice to ratify the contract in light of the knowledge. [citation omitted]

> The key question is whether Spangler had *full knowledge* of the fraudulent acts or breach at the time of the ratification.

*Id.* at 131 (emphasis in original).

On remand, the trial court tried the case in accordance with our instructions and submitted the issue of ratification to the jury. The jury found a ratification. The majority's

---

**3.** In *OKC*, we held that the trial court did not err in ordering that equitable prejudgment interest be compounded annually instead of daily. Our rationale was that *Wolfe* was wrongly decided. *See OKC*, 798 S.W.2d at 308. We note, however, that the petition for writ of error in *Wolfe* was stamped "Refused." By designating the petition for writ of error "Refused," the supreme court adopted the court of appeals opinion as its own. *See Myers v. Gulf Coast Minerals Management Corp.*, 361 S.W.2d 193, 196 (Tex.1962); Ted Z. Robertson & James W. Paulsen, *Rethinking the*

*Texas Writ of Error System*, 17 TEX.TECH L.REV. 1, 3, 29 (1986). Thus, although we were free to criticize or distinguish *Wolfe*, we were not free to reject it any more than we could reject any opinion issued by the supreme court. Until the supreme court sees fit to overrule *Cavnar* and *Wolfe*, or the legislature decides to codify prejudgment interest in *all cases*, the *Cavnar* rule of daily compounding of equitable prejudgment interest remains the law of the state. Accordingly, we overrule *OKC* to the extent that it conflicts with *Wolfe* and this opinion.

opinion does not challenge the evidentiary support for this finding. Instead, it holds that when an agent fails to turnover to his principal all the benefits of a transaction, then ratification is not an available defense. The majority thus treats the jury's finding of ratification as immaterial. This is in conflict with our Court's decision in the first appeal, which is now the law of the case.

I also question the merits of the majority's decision not to allow a ratification defense. Section 416 of the Restatement (Second) of Agency states:

> The ratification or other affirmance by the principal of an unauthorized act done by an agent acting in excess of his power to bind the principal releases the agent from liability to the principal for having violated a duty to him, except when the principal:
> (a) is obliged to affirm the act in order to protect his own interests; or
> (b) is caused to ratify by the misrepresentation or duress of the agent.

The majority narrowly construes section 416 to limit a ratification defense to situations where an agent has merely exceeded his authority, and distinguishes situations where, as here, the agent has profited at the principal's expense. This is not a valid distinction. An agent who profits at his principal's expense has likely exceeded his authority. The Restatement itself recognizes that if an agent acquires something as a result of a violation of duty to the principal, the principal's subsequent affirmance *may not* be a ratification because the agent *may not* have purported to be acting on account of the principal in the transaction. Restatement (Second) of Agency § 416, comment b. However, the principal's affirmance is effective as a ratification if the agent purported to act on the principal's behalf and if the principal had knowledge of all the material facts relating to the transaction at the time of the affirmance. As we held in the first appeal of this case, the key question is whether Spangler, the principal, had *full knowledge* of the fraudulent acts at the time of ratification. *Spangler v. Jones,* 797 S.W.2d at 131.

The majority's reliance on *Herider Farms-El Paso, Inc. v. Criswell,* 519 S.W.2d 473 (Tex.Civ.App.—El Paso 1975, writ ref'd n.r.e.) is misplaced for the same reason. That case held that "there can be no ratification of an act which is not done on behalf of, and does not purport to bind, the person against whom the doctrine of ratification is invoked." *Herider,* 519 S.W.2d at 477. In addition, "ratification can only be effectual between the parties involved when the agent's act is done openly and admittedly for the principal." *Id.* Jones clearly purported to represent Spangler and to bind him to the contract being negotiated. Jones discussed the negotiations with Spangler and listened to Spangler's suggestions. Jones' acts were done openly and for Spangler. Just because the contract was not "fair" to Spangler does not mean that Jones was not acting as his agent.

A ratification defense should be available whenever a principal with full knowledge of the material facts affirms or acquiesces in a transaction, even if the original transaction might be characterized as a fraud on the principal. Once a party is aware of the facts, there can no longer be an actionable fraud. *See William B. Roberts, Inc. v. McDrilling Co.,* 579 S.W.2d 335, 339 (Tex.Civ.App.—Corpus Christi 1979, no writ); *see also Moore & Moore Drilling Co. v. White,* 345 S.W.2d 550 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). As the Restatement recognizes, fraud by an agent precludes a ratification only when the fraud itself causes the ratification. § 416(b). In such cases, of course, the principal does not have *full knowledge* of the material facts. *See Spangler v. Jones,* 797 S.W.2d at 131.

The jury in this case had sufficient evidence from which to find that Spangler ratified Jones' conduct. I would grant the motion for rehearing and affirm the trial court's judgment.

ROSENBERG and OVARD, JJ., join the dissent.