R.W. McKINNEY, T.L. James and Co., and Lockwood, Andrews and Newnam, Inc., Appellants,

v.

Marshall MEADOR and wife, Margarette Meador, and Pleasant Retreat Club Lake, Inc., Appellees.

No. 12–83–0227–CV.

Court of Appeals of Texas, Tyler.

Aug. 22, 1985.

Rehearing Denied Sept. 26, 1985.

Herbert Boyland Kenley, Boyland & Coghlan, Longview, Mike Hatchell, and Jack Flock, of Ramey, Flock, Hutchins, Jeffus, Crawford & Harper, P.C., for appellants.

Brent Howard, Richard Grainger, Grainger & Patterson, Tyler, for appellees.

SUMMERS, Chief Justice.

Marshall Meador, Margarette Meador, and Pleasant Retreat Club Lake, Inc. (appellees) brought this suit against R.W. McKinney, T.L. James and Co., Inc. and Lockwood, Andrews and Newnam, Inc. (appellants) to recover damages suffered on their land. The jury returned a verdict for appellees, and the trial court entered judgment in accordance with the verdict. The court also awarded prejudgment interest.[1] Appellants assert in this appeal that the trial court erred by awarding prejudgment interest. R.W. McKinney and T.L. James and Co., Inc. bring one point of error; Lockwood, Andrews and Newnam, Inc. filed a separate brief asserting five points of error. Each point addresses a different element necessary to establish a right to prejudgment interest. We will combine all points and treat them as one challenge to the propriety of awarding prejudgment interest in this case.

In 1978, the city of Tyler expanded its airport facilities by extending a runway at Pounds Field. R.W. McKinney and T.L. James and Co., Inc. were the general contractors for the project; Lockwood, Andrews and Newnam, Inc. were the engineers. Plans for the runway extension were prepared, and construction commenced in September 1978. The appellees own land south of the airport. Their properties include lakes, ponds, streams and outbuildings. On many occasions beginning in September 1978 until the time of trial in October 1983 these properties were

---

1. The appellees' petition and motion for judgment contained pleas for prejudgment interest.

The jury charge did not contain a special issue regarding prejudgment interest.

flooded due to the increased drainage of surface water from the runway construction site. Each rain caused erosion of the stripped land at the airport, and the drainage carried silt onto the appellees' properties. The silt settled in the bottom of appellees' lakes, ponds and streams.

Appellees alleged in their petition that appellants were negligent in planning and constructing the runway extension and that such negligence was a proximate cause of the excess silt deposited onto their properties. The jury apportioned the negligence at sixty percent to R.W. McKinney and T.L. James and Co., Inc. and forty percent to Lockwood, Andrews and Newnam, Inc. It also awarded $22,500 to the Meadors and $75,000 to Pleasant Retreat Club Lake, Inc. The trial court awarded prejudgment interest from September 20, 1979, until October 7, 1983, the date of judgment.

 Prejudgment interest was recoverable traditionally in Texas from the date of the injury or loss, if damages were definitely determinable. *Imperial Sugar Co., Inc. v. Torrans,* 604 S.W.2d 73 (Tex.1980). Whether a plaintiff recovered prejudgment interest under the traditional rule often depended upon the nature of the case. If suit was brought for breach of contract involving liquidated damages, a plaintiff would invariably recover prejudgment interest. If suit was brought for recovery of unliquidated damages, courts were less willing to award prejudgment interest. Frustration with the lack of uniformity surrounding recovery of prejudgment interest caused the Texas Supreme Court to change the law in *Cavnar v. Quality Control Parking, Inc.,* 28 Tex.Sup.Ct.J. (June 5, 1985). In that case, Justice Gonzalez wrote:

> The time has come to revise the prejudgment interest rule to make injured parties whole and restore equity and symmetry to this area of the law. We there-

fore hold that, as a matter of law, a prevailing plaintiff may recover prejudgment interest compounded daily (based on a 365-day year) on damages *that have accrued by the time of judgment.*
*Cavnar, supra* at 469 (emphasis in original).

Having decided that the Meadors and Pleasant Retreat Club Lake, Inc. are entitled to prejudgment interest as a matter of law, we must determine whether the trial court correctly calculated the amount of prejudgment interest. We begin with a triusm recognized by the court in *Cavnar:* "... a plaintiff is not entitled to recover prejudgment interest on damages until those damages have actually been sustained." *Cavnar, supra* at 470. However, the logic of this axiom is undermined by the difficulty involved in certain cases in deciding when a plaintiff has sustained those damages. After relaizing that any accrual method is admittedly arbitrary, the court announced a rule in *Cavnar,* to be used in personal injury cases,[2] which would allow plaintiffs to recover prejudgment interest on damages not yet sustained.[3] The Cavnar rule leaves open this possibility in order to insure that plaintiffs are fully compensated.

 It is particularly difficult to determine the date damages occurred in the case at bar due to the intermittent nature of the damages. It is undisputed that silt was deposited on the appellees' land every time it rained. The evidence at trial showed that the first damaging rain occurred in September 1978. Subsequent rains caused erosion and silting until the time of trial.

The trial court chose to allow prejudgment interest from September 20, 1979. This would allow appellees to recover prejudgment interest on damages that occurred after that date. Nevertheless, as noted above, the Cavnar rule as applied to

---

**2.** Prejudgment interest begins to accrue six months after the incident occurs in wrongful death and non-death personal injury actions and as of the date of death in survival actions.

**3.** For instance, should an injured plaintiff incur damages two years after the injury as a proximate cause of defendant's negligence, e.g., additional surgery, the plaintiff would recover eighteen months of prejudgment interest on damages he has not sustained.

personal injury actions would allow the same result. Appellants argue there is no evidence or, alternatively, insufficient evidence, to support the trial court's decision. We disagree. Several photographs of the damaged land were taken while the land was being flooded and silted. One set of photographs showing the first major damage was dated September 20, 1979. Sufficient damage was done to the appellees' land on that date to justify the accrual of prejudgment interest from then. The trial court did not err in accruing prejudgment interest from that date. Appellants' points of error are overruled, and the judgment is affirmed.

COLLEY, J., not participating.