**CROCKER NATIONAL BANK and T.O.S. Industries, Inc., Plaintiffs,**

v.

**IDECO DIVISION OF DRESSER INDUSTRIES, INC., Defendant.**

Civ. A. No. H–83–2988.

United States District Court, S.D. Texas.

May 16, 1990.

Stephen R. Kirklin, Kirklin, Boudreaux & Joseph, Houston, Tex., for plaintiffs.

James R. O'Donnell, Butler & Binion, Houston, Tex., for defendant.

## OPINION ON FINAL JUDGMENT

HUGHES, District Judge.

 This case, which has pended before both this court and the court of appeals several times during the last seven years, is now once again before this court for final judgment. In dispute is whether prejudgment interest should be awarded on the principal, and if it is awarded, from what date, at what rate, and simply or compounded daily. As discussed below, there is neither statutory nor Texas case law authority for an award of prejudgment interest in a commercial dispute, such as this. The court relies on its equitable power to award prejudgment interest, under the common law goal of compensating Crocker for its deprivation of the use of the diesel engines at issue. Because the goal is to compensate Crocker, the prejudgment interest will be simple, and not compounded daily.

### 1. *Background.*

The court granted summary judgment to Ideco Division of Dresser Industries, Inc. on December 30, 1988, holding that Ideco delivered the diesel engines at issue to Continental, so T.O.S. never had possession of them and, therefore, Crocker's security interest never attached, and that even if T.O.S. had possession, Crocker's security interest was extinguished when T.O.S. returned the engines to Ideco. The court also held that if Continental held the diesel engines as Ideco's bailee, Ideco properly exercised its rights as bailor by stopping the delivery from Continental to T.O.S. The court granted a final take nothing judgment in favor of Ideco, but valued the diesel engines at $1,332,340 on the date they were returned by T.O.S. to Ideco.

On appeal by Crocker and T.O.S., the court of appeals reversed and rendered judgment for Crocker on its conversion claim against Ideco, holding that T.O.S. gained possession of the engines when Ideco delivered them to Continental, and that T.O.S.'s return of the engines to Ideco did not extinguish Crocker's security interest in the engines. 889 F.2d 1452. The court of appeals upheld this court's value of the engines as $1,332,340. It then remanded the case to this court for the entry of judgment for Crocker, and subsequently granted Crocker's and T.O.S.'s petition for a writ of mandamus ordering the judgment to be entered in accordance with its earlier mandate, precluding this court from considering new evidence, except on a motion for relief from judgment filed *after* entry of this final judgment. This judgment is limited to the issue of ownership of the Caterpillar diesel engines, title to the six rigs having been quieted in Ideco by the court's judgment of April 29, 1987, and affirmed by the court of appeals.

The judgment will include $1,332,340 as the amount of principal. The issue in contention is the amount of prejudgment interest, when it should accrue, and at what rate. Crocker contends that prejudgment interest should accrue from the date Ideco unlawfully retook possession of the engines, and should be compounded daily. Crocker relies principally on *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), to support its contention. Ideco contends that prejudgment interest should not accrue until the date on which Crocker made demand on Ideco to return the engines, and that the interest should be simple and not compound.

### 2. *Accrual of prejudgment interest.*

Ideco converted the engines when Crocker notified Ideco that it wanted the engines returned, because that notice constituted a demand for the return of the engines. Once Ideco knew that Crocker wanted the engines returned, its failure to return the engines constituted conversion. Prejudgment interest accrues on that date.

Crocker contends that Ideco's conversion of the engines occurred on July 2, 1982, when Ideco came into possession of the engines unlawfully. Ideco claims that nei-

ther Crocker's original complaint, filed May 10, 1983, nor T.O.S.'s complaint in intervention, filed August 17, 1983, provided it with actual notice that Crocker was demanding return of the engines. Ideco contends that it received no explicit demand for the return of the engines until July 15, 1988, when Crocker filed its first amended complaint, and therefore, that that is the date of conversion and the date from which prejudgment interest should accrue.

Neither party correctly characterizes either the law or the facts of this case. The conversion occurred when Crocker made a demand on Ideco for return of the engines. This occurred on the filing of Crocker's original complaint, on May 10, 1983. The demand for return of the engines need not be titled "demand." It is enough that Ideco knows that Crocker wants its engines back. While Ideco may not have known on July 2, 1982, when it came into possession of the engines, that Crocker wanted them back on that date, the filing of Crocker's original complaint for conversion on May 10, 1983, put Ideco on notice that Crocker was demanding the return of the engines. Prejudgment interest should therefore accrue on the date of the original complaint, May 10, 1983.

### 3. *Interest rate and compounding.*

In *Cavnar v. Quality Control Parking, Inc., id.,* the Texas Supreme Court held that equitable prejudgment interest would be awarded in personal injury and wrongful death cases at the rate of interest on judgments as set out in Tex.Rev.Civ.Stat. art. 5069–1.05, and would be compounded daily. The court's opinion contained broad language which has been construed by Texas courts as extending the *Cavnar* rule to other types of cases. To date, Texas courts have awarded prejudgment interest compounded daily to claims for deceptive trade practices, *Quintero v. Jim Walter Homes, Inc.,* 709 S.W.2d 225, 230–31 (Tex. App.1985), products liability, *Ralston Purina Company v. Barklay Feed and Seed,* 722 S.W.2d 431 (Tex.App.1986), property damage, *McKinney v. Meador,* 695 S.W.2d 812 (Tex.App.1985), Eminent domain, *City of Houston v. Wolfe,* 712 S.W.2d 228 (Tex.

App.1986), business negligence, *Allied Bank West Loop v. C.B.D. and Associates,* 728 S.W.2d 49 (Tex.App.1987), and breach of contract, *Perry Roofing Company v. Olcott,* 722 S.W.2d 538 (1986).

Crocker advances *Cavnar* and its progeny as support for its contention that the court should award prejudgment interest compounded daily on its judgment against Ideco. Ideco counters that art. 5069 has been amended by the Texas legislature since *Cavnar*. A review of art. 5069 indicates that *Cavnar* does not control the award of prejudgment interest in this case.

Art. 5069–1.05 was amended by the legislature in 1987 by adding § 6, and in 1989 by adding § 7. Section 1 applies to judgments based on contracts and provides for postjudgment interest only. Sections 2 and 3 regulate the rate and timing of prejudgment interest only. Section 4 excepts from art. 5069–1.05 judgments set by the tax code. Section 5 is administrative.

Section 6 both modifies and codifies *Cavnar*; however, an analysis of its seven subsections indicates that it does not control the award of interest in this case. Subsection a defines the scope of § 6 as judgments in wrongful death, personal injury, and property damage cases, and allows for those judgments to include prejudgment interest. Subsections b, c, d, e, and f all subtract from the amount of prejudgment interest that would be awarded under subsection a. Subsection g sets prejudgment interest at the same rate as postjudgment interest and shall be simple interest. Section 7 provides for prejudgment interest in condemnation cases.

The issue is resolved if subsection g could be read as § 6½, creating a general right to prejudgment interest, but that result is overly strained under the existing draftsmanship of the statute. Parenthetically, this is not a case of property damage, rather the property interest of Crocker has been converted to a debt owed it by Ideco.

*Cavnar*, to the extent that it stands for anything, was addressed by the legislature in art. 5069–1.05 § 6, where it was modified and codified. Section 6 applies only to

cases involving wrongful death, personal injury, and property damage; it says nothing about prejudgment interest in commercial disputes. There is no statutory authority for the award of prejudgment interest in this case. Whatever authority for the court to award prejudgment interest that can be implied from *Cavnar* was undercut by the legislature when it enacted section 6 and specifically limited the award of statutory prejudgment interest to wrongful death, personal injury, and property damage cases.

The court still has discretion under its equitable powers to award prejudgment interest. Because *Cavnar* has been specifically addressed and limited by the legislature, the Texas Supreme Court's justifications for awarding prejudgment interest (to encourage settlements and to discourage delay) are in no way controlling. The common law goal of the award of prejudgment interest is to compensate the party deprived of property for the loss of the property's use. Crocker was dispossessed of the engines by Ideco from the date of the filing of the original complaint. It should be compensated for the value of the use of the engines' value from that date to the date of judgment. The court, under its equitable powers, will award Crocker prejudgment interest on the amount of judgment; however, simple interest suffices fully to compensate Crocker for the lost use-value of the engines. The goal of compensation would not be served by compounding the interest daily.

*4. Conclusion.*

Ideco converted the engines on May 10, 1983, the date Crocker filed its original complaint, because the complaint put Ideco on notice that Crocker wanted its engines back. There is neither statutory nor case law authority for the imposition of prejudgment interest compounded daily. The lengthy and tortious history of this dispute requires an equitable adjustment that is not necessarily required in every case. The court finds that the common law goal of compensation will best be served by awarding Crocker prejudgment interest from the date of the filing of the original complaint at the rate of 10% simple interest.

## FINAL JUDGMENT

Under the order of April 9, 1990, by the court of appeals, Crocker National Bank recovers from Dresser Industries, Inc.:

1. Principal of $1,332,340, on the Caterpillar diesel engines;
2. Prejudgment interest of $934,826.42 (10% per annum, from May 10, 1983, until May 16, 1990);
3. Postjudgment interest at 8.70% per annum; and
4. Costs of court.